98 F.3d 1360
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rodger T. WILLIAMS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3307.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1996.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Rodger T. Williams (Williams) appeals from the final decision of the Merit Systems Protection Board (Board), Docket No. DA0752950630-I-1 (June 12, 1996), which mitigated Williams's demotion by the United States Postal Service. We affirm.
 
 
 2
 * The Administrative Judge (AJ) sustained the Postal Service's charge of unsatisfactory attendance based on a finding that Williams had been properly charged with 40 hours of Absent Without Leave (AWOL) time over a three-week period in March and April of 1995. The AJ determined that Williams was absent for a total of 32 hours from March 13 through March 16, 1995 and for eight hours on April 3, 1995, without properly notifying his supervisor or providing an adequate reason for his absences. The AJ mitigated the Postal Service's demotion of Williams from Supervisor, Distribution Operations, EAS-16, to Part-Time Flexible Mail Handler, PS-04, to a demotion to a nonsupervisory position not lower than Level PS-06, the level designated in the notice of proposed demotion filed by Williams's supervisor. The AJ cited Williams's 15 years of service and excellent employment record in mitigating the demotion.
 
 II
 
 3
 We review the Board's decision to ensure that it is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); see Holland v. Department of Air Force, 31 F.3d 1118, 1120 (Fed.Cir.1994). Under this standard, we must affirm the Board's decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion." Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938).
 
 
 4
 On appeal, Williams argues that the AJ erred by basing the demotion decision on Williams's failure to meet performance expectations in only one actual performance element (i.e., attendance). Williams cites Meyers v. EEOC, 45 M.S.P.R. 488 (1990), and McKenzie v. EEOC, 38 M.S.P.R. 380, 382-83 (1988), for the proposition that an employee may not be demoted for unacceptable performance in only one critical performance element. Neither case supports that broad assertion. In both cases, the appellants worked for agencies whose performance appraisal plans required consideration of more than one critical performance element before imposing a demotion. That is not the case here. Williams does not point us to any statute or regulation that prohibits a demotion based only on unsatisfactory attendance. Furthermore, Williams underwent disciplinary proceedings, not a performance review.
 
 
 5
 Williams also asserts that the AJ was required to consider his potential for rehabilitation in mitigating the demotion, citing Black v. Department of Navy, 23 M.S.P.R. 450 (1984), Henderson v. United States Postal Serv., 36 M.S.P.R. 11 (1987), and Ajanaku v. Department of Defense, 44 M.S.P.R. 350 (1990). These cases merely note that an agency may consider additional mitigating circumstances in setting a disciplinary penalty. In this case, the AJ considered Williams's 15 years of service and excellent employment record in mitigating the demotion imposed by the agency. The AJ was permitted, but not required, to consider other mitigating evidence.
 
 
 6
 We have considered Williams's other arguments and find them to be without merit. The AJ carefully reviewed the relevant facts of record and applied the correct legal standards. The decision of the Board, being supported by substantial evidence, is affirmed.